UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

**Holding a Criminal Term**

**Grand Jury Sworn in on November 10, 2021**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | **CRIMINAL NO.** |
| | : | |
| v. | : | **GRAND JURY ORIGINAL** |
| | : | |
| **QUINCY LABAUVE,** | : | **VIOLATIONS:** |
| | : | **18 U.S.C. §§ 2251(a), (e)** |
| Defendant. | : | **(Attempted Production of Child** |
| | : | **Pornography)** |
| | : | **18 U.S.C. § 2252(a)(2)** |
| | : | **(Distribution of Child Pornography)** |
| | : | **18 U.S.C. § 2260A** |
| | : | **(Commission of a Felony Offense by an** |
| | : | **Individual Required to Register as a Sex** |
| | : | **Offender)** |
| | : | |
| | : | **FORFEITURE:** |
| | : | **18 U.S.C. §§2428(a), 981(a)(1)(C);** |
| | : | **28 U.S.C. § 2461(c); and 21 U.S.C. § 853(p)** |

# I N D I C T M E N T

The Grand Jury Charges that:

## COUNT ONE

From on or about February 6, 2020, through on or about February 18, 2020, both dates

being approximate and inclusive, in the District of Columbia and elsewhere, the defendant,

**QUINCY LABAUVE,** having previously been convicted of Sexual Battery and Exploitation of a

Child in Harrison County, Mississippi, attempted to knowingly use, persuade, induce, entice, and

coerce any minor to engage in sexually explicit conduct for the purpose of producing any visual

depiction of such conduct, knowing that such visual depiction would be transported or transmitted

using any means or facility of interstate or foreign commerce or knowing and having reason to

know that such visual depiction would be transported or transmitted in or affecting interstate or

foreign commerce; and the visual depiction would be produced or transmitted using materials that

had been mailed, shipped, or transported in or affecting interstate or foreign commerce by any

means, including by computer; and the visual depiction would be transported or transmitted using

any means or facility of interstate or foreign commerce or the visual depiction would be transported

or transmitted in or affecting interstate or foreign commerce.

> **(Attempted Production of Child Pornography**, in violation of Title 18, United States Code, Sections 2251(a),(e))

## COUNT TWO

On or about February 6, 2020, in the District of Columbia and elsewhere, the defendant,

**QUINCY LABAUVE,** having previously been convicted of Sexual Battery and Exploitation of a

Child in Harrison County, Mississippi, did knowingly distribute any visual depiction, using any

means and facility of interstate and foreign commerce, and that such visual depiction has been

shipped and transported in and affecting interstate and foreign commerce, by any means including

by computer; and the production of such visual depiction involved the use of a minor engaging in

sexually explicit conduct and such visual depiction is of such conduct.

> **(Distribution of Child Pornography**, in violation of Title 18, United States Code, Section 2252(a)(2))

## COUNT THREE

On or about the dates of February 7 and February 8, 2020, in the District of Columbia and

elsewhere, the defendant, **QUINCY LABAUVE,** having previously been convicted of Sexual

Battery and Exploitation of a Child in Harrison County, Mississippi, did knowingly distribute any

visual depiction, specifically a video, using any means and facility of interstate and foreign

commerce, and that such visual depiction has been shipped and transported in and affecting

2

interstate and foreign commerce, by any means including by computer; and the production of this video involved the use of a minor engaging in sexually explicit conduct and such visual depiction is of such conduct.

> **(Distribution of Child Pornography**, in violation of Title 18, United States Code, Section 2252(a)(2))

## COUNT FOUR

On or about February 8, 2020, in the District of Columbia and elsewhere, the defendant, **QUINCY LABAUVE,** having previously been convicted of Sexual Battery and Exploitation of a Child in Harrison County, Mississippi, did knowingly distribute any visual depiction, specifically one or more images, using any means and facility of interstate and foreign commerce, and that such visual depiction has been shipped and transported in and affecting interstate and foreign commerce, by any means including by computer; and the production of such images involved the use of a minor engaging in sexually explicit conduct and such visual depiction is of such conduct.

> **(Distribution of Child Pornography**, in violation of Title 18, United States Code, Section 2252(a)(2))

## COUNT FIVE

On or about February 13, 2020, in the District of Columbia and elsewhere, the defendant, **QUINCY LABAUVE,** having previously been convicted of Sexual Battery and Exploitation of a Child in Harrison County, Mississippi, did knowingly distribute any visual depiction, using any means and facility of interstate and foreign commerce, and that such visual depiction has been shipped and transported in and affecting interstate and foreign commerce, by any means including by computer; and the production of such visual depiction involved the use of a minor engaging in sexually explicit conduct and such visual depiction is of such conduct.

> **(Distribution of Child Pornography**, in violation of Title 18, United States Code, Section

2252(a)(2)

## COUNT SIX

On or about February 14, 2020, in the District of Columbia and elsewhere, the defendant, **QUINCY LABAUVE,** having previously been convicted of Sexual Battery and Exploitation of a Child in Harrison County, Mississippi, did knowingly distribute any visual depiction, using any means and facility of interstate and foreign commerce, and that such visual depiction has been shipped and transported in and affecting interstate and foreign commerce, by any means including by computer; and the production of such visual depiction involved the use of a minor engaging in sexually explicit conduct and such visual depiction is of such conduct.

(**Distribution of Child Pornography,** in violation of Title 18, United States Code, Section 2252(a)(2))

## COUNT SEVEN

From at least on or about February 6, 2020 through on or about February 18, 2020, in the District of Columbia and elsewhere, the defendant, **QUINCY LABAUVE,** an individual who has a prior sex offense conviction for Sexual Battery and Exploitation of a Child in Criminal Case No. B2402-2017-506 in Harrison County, Mississippi, and being required by federal or other law to register as a sex offender, did commit a felony offense involving a minor under Title 18, United States Code, Section 2251(a) and (e), as charged in Count One of this Indictment.

(**Commission of a Felony Offense by an Individual Required to Register as a Sex Offender,** in violation of Title 18, United States Code, Section 2260(A))

## FORFEITURE ALLEGATION

Upon conviction of any of the offenses charged in Count One Through Six of the Indictment, the defendant shall, pursuant to 18 U.S.C. § 2253, forfeit to the United States the following:

i.  Any visual depiction described in 18 U.S.C. §§ 2251, 2251A, or 2252, 2252A, 2252B or 2260, or any book, magazine, periodical, film, videotape, or other matter which contains any such visual depiction, which was produced, transported, mailed, shipped, or received in violation of these subsections;

ii.  Any property, real or personal, constituting or traceable to gross profits or other proceeds obtained from such offense; and

iii.  Any property, real or personal, used or intended to be used to commit or to promote the commission of such offense or any property traceable to such property, including, but not limited to the items seized from the defendant's person on February 18, 2020.

If any of the property described in the paragraphs above as being forfeitable pursuant to 18

U.S.C. § 2253, as a result of any act or omission of the defendant --

    a.  cannot be located upon the exercise of due diligence;

    b.  has been transferred to, sold to, or deposited with a third party;

    c.  has been placed beyond the jurisdiction of this Court;

    d.  has been substantially diminished in value; or

    e.  has been commingled with other property which cannot be divided without difficulty;

the United States of America, pursuant to 21 U.S.C. § 853(p), intends to seek forfeiture of all other

property of the defendant up to the value of the above described forfeitable property.

**(Criminal Forfeiture,** pursuant to Title 18, United States Code, Sections 2428(a), 981(a)(1)(C), Title 28, United States Code, Section 2461(c), and Title 21, United States Code, Section 853(p))

A TRUE BILL

FOREPERSON

*Matt Graves*

Attorney of the United States
And for the District of Columbia

6